AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Ohio ▾

| | |
|---|---|
| United States of America<br>v.<br>ANKEESE R. BROWN | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.  3:25-mj-00198

_Defendant(s)_

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ April 28, 2025 _____ in the county of _____ Montgomery _____ in the

_____ Southern _____ District of _____ Ohio _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:
See Attached Affidavit of SA ATF Chris  Reed

☐ Continued on the attached sheet.

_____
_Complainant's signature_

SA Chris Reed, ATF
_Printed name and title_

By telephone
Sworn to before me and signed ̶i̶n̶ ̶m̶y̶ ̶p̶r̶e̶s̶e̶n̶c̶e̶.

Date:  _____ 04/30/2025 _____

_____
Caroline H. Gentry
United States Magistrate Judge

City and state:  _____ Dayton, Ohio _____

# AFFIDAVIT

I, Special Agent Christopher M. Reed ("Affiant"), being duly sworn, depose and state the following:

    1.    I make this affidavit from personal knowledge based on my participation in this investigation, including witness interviews and reports by other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all details or all facts of which I am aware relating to this investigation.

    2.    I have been employed with the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) as a Special Agent since May 2008. Prior to my employment with ATF, I received additional law enforcement training at the Indianapolis Police Department's Police Academy. I was a sworn police officer with the Indianapolis Metropolitan Police Department (IMPD) for approximately (8) years. As a police officer, I conducted investigations in the duty capacity as a narcotics detective and as an ATF Task Force Officer. I have been involved in numerous investigations of Federal firearm violations. These investigations have resulted in the arrest and conviction of criminal defendants.

    3.    I am currently conducting an investigation involving Federal Firearm violations committed by **Ankeese Randolph BROWN** (hereinafter referred to as **"BROWN"**), namely "Felon in Possession of a Firearm," in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

    4.    In January of 2025, Dayton Police Department (DPD) Detective (Det.) K. Webster, received a Miami Valley Crime Stoppers tip regarding suspected drug sales originating from a residence located at 636 Westwood Avenue, Dayton, Ohio, 45402. Throughout February and March of 2025, Det Webster conducted surveillance at said residence and observed a pattern of activity consistent with illegal drug sales.

    5.    On or about April 28, 2025, Det. V. Carter and Det. C. Lawson conducted further surveillance of 636 Westwood Avenue due to the ongoing additional complaints of drug activity occurring at that location. At approximately 1945 hours, Det. Carter and Det. Lawson observed a male, later identified as Ja'Shaun ARNOLD (hereinafter referred to as "ARNOLD") exit the residence and approach a black Ford Sedan that was parked near the residence at the intersection of Edith Avenue and Westwood Avenue. The detectives further observed ARNOLD as he stood beside the vehicle momentarily conducting a hand-to-hand exchange. Based on prior training and experience, Det. Carter and Det. Lawson recognized this encounter as like and similar to typical illicit drug transactions they had observed in the past.

    6.    Simultaneously, a second male, later identified as BROWN, next exited the said residence and approached a black Chevrolet Malibu occupied by two (2) individuals which had

arrived and parked near the front of the residence. ARNOLD returned to the same residence as Det. Carter and Det. Lawson observed BROWN approach the Malibu. The detectives then observed BROWN had a handgun which was plainly visible in his pants pocket. As Det. Carter and Det. Lawson were observing BROWN's suspected drug activity, they were coordinating with marked Dayton Police units to intercept BROWN. As DPD Officer (Ofc.) M. Brown and Ofc. J. Burson arrived at the 600 block of Westwood Avenue, BROWN observed the police unit arrive on-scene. At that point BROWN immediately fled and entered the front door of 636 Westwood Avenue residence. DPD crews surrounded the residence and made commands for BROWN and ARNOLD to exit. After approximately 2 minutes, both ARNOLD and BROWN exited the front door. At this time, BROWN no longer had the firearm on his person.

7.      Due to the ongoing drug activity involving firearms, for officer safety and to preserve any potential evidence located inside of the residence from being destroyed by any other potential occupants/third parties, a protective sweep was performed of the interior of the residence. The residence was cleared and found to be unoccupied. During the protective sweep, officers observed the presence of a handgun in plain view lying on the second-floor staircase. It appeared the gun had been hastily discarded at that location. Det. Carter advised that the firearm he previously observed possessed by BROWN outside the residence was a full-size pistol, like and similar in appearance to the firearm discovered lying on the staircase. Officers also observed the presence of digital scales and plastic baggies in plain view in the kitchen.

8.      Once ARNOLD and BROWN were detained by officers, ARNOLD was found to have an active arrest warrant for traffic offenses. BROWN was discovered to be on Federal Supervised Release due to a May 8, 2020 conviction for a Hobbs Act Conspiracy in violation of 18 U.S.C. § 1951(a) and 2. In this previous case he received a 66-month sentence followed by 2 years of supervised release. According to the Statement of Facts in the Plea Agreement filed in that case, BROWN conspired with others to rob, beat and threaten a local drug dealer with firearms and a baseball bat which was later used to beat the victim about his head and body. (See Case No. 3:19-cr-00152).

9.      BROWN was detained by Ofc. Brown and Ofc. Burson and placed into a DPD marked unit. Det. Carter read BROWN his Miranda rights and agreed to speak to Det. Carter without a lawyer present. Det. Carter told BROWN that he had witnessed him selling drugs and that he was armed with a firearm at that time. BROWN stated that he did not have a firearm and that he only had a cell phone. BROWN presently is housed in the Montgomery County Jail.

10.      On April 28, 2025, DPD Det. Webster authored a search warrant for the residence of 636 Westwood Avenue, Dayton, Ohio, 45402 which was subsequently signed by the Honorable Judge Christopher D. Roberts of the Dayton Municipal Court on April 28, 2025, at 2103 hours. The search warrant was then executed by Detectives from the DPD Special Investigations Bureau (SIB).

During execution of the search warrant, investigators recovered the following items:

- 8 individual 9MM Rounds of ammunition

2

- Glock model 22, .40 caliber pistol
- 59.4 grams of suspected controlled substance.
- Kevlar vest/body armor
- iPhone
- 2 Boxes ammunition

11.    On April 30, 2025, ATF SA K. Pitney, a Firearms Interstate Nexus Expert, reviewed photographs of the recovered firearm. SA Pitney determined that the firearm was not manufactured in the state of Ohio and therefore traveled in/or affected interstate or foreign commerce.

12.    Based on the aforementioned facts, your Affiant asserts that there is probable cause to believe that on or about April 28, 2025, in the Southern District of Ohio, Ankeese Randolph BROWN did commit the following federal offense: "Felon in Possession of a Firearm," in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(8).

**Further affiant sayeth naught.**

**Christopher M. Reed**
**Special Agent, ATF**
**Dayton, Ohio**

By telephone
**Subscribed and sworn to before me on April 30, 2025.**

Caroline H. Gentry
United States Magistrate Judge

_April 30, 2025_
**Date**

3